UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ROBERT NELSON HOWELL, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:25-cv-00111-AGF |
| | ) |
| WARDEN STE. GENEVIEVE DETENTION CENTER, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file. Petitioner Robert Nelson Howell, Jr. commenced this civil action on June 23, 2025 by filing a document titled "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241." ECF No. 1. However, the filing was defective because it was not signed nor drafted on a Court form. *See* ECF No. 2 (citing E.D. Mo. L. R. 2.01 (A)(1) & 2.06(A)). In addition, Petitioner did not pay the filing fee nor file a motion for leave to proceed *in forma pauperis*. *See id.* (citing E.D. Mo. L. R. 2.01(B)(1)). As such, on July 2, 2025, the Court entered an order directing Petitioner to file an amended petition on the Court's form, and to either pay the filing fee or file a motion for leave to proceed *in forma pauperis*. *Id.* The Court cautioned Petitioner that his failure to timely comply with the order would result in the dismissal of his case without further notice. Petitioner's response was due by August 1, 2025.

To date, Petitioner has neither responded to the Court's order, nor sought additional time to do so. Petitioner was given meaningful notice of what was expected, he was cautioned that his case would be dismissed if he failed to timely comply, and he was given ample time to comply. The Court will therefore dismiss this action, without prejudice, due to Petitioner's failure to comply with the Court's July 2, 2025 Order and his failure to prosecute his case. *See* Fed. R. Civ.

P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 22nd day of August, 2025.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE